Charles E. Hansberry
Jenny M. Jourdonnais
HANSBERRY & JOURDONNAIS, PLLC
2315 McDonald Avenue, Suite 210
Missoula, MT 59801
Telephone (406) 203-1730
Telefax (406) 205-3170
chuck@hjbusinesslaw.com
jenny@hjbusinesslaw.com

Attorneys for Defendants Avista
Corporation, PacifiCorp, Portland
General Electric Company, and Puget
Sound Energy, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TALEN MONTANA, LLC, | Case No. _____ |
| Plaintiff, | NOTICE OF REMOVAL OF A CIVIL ACTION |
| v. | |
| AVISTA CORPORATION; NORTHWESTERN CORPORATION; PACIFICORP; PORTLAND GENERAL ELECTRIC COMPANY; and PUGET SOUND ENERGY, INC., | (Removed from the Montana Thirteenth Judicial District Court, Yellowstone County, Cause No. DV-21-0511) |
| Defendants. | |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441(b) and

1332(a), Defendants Avista Corporation (Avista), PacifiCorp, Portland General

NOTICE OF REMOVAL OF A CIVIL ACTION - 1

PDX\114407\260704\CSMM\30804041.4

Electric Company (PGE), and Puget Sound Energy, Inc. (PSE) (collectively, Defendants) hereby remove the action described below to the United States District Court for the District of Montana without prejudice to any rights or defenses.

1. At 4:49 p.m. on May 4, 2021, Plaintiff Talen Montana, LLC (Talen) filed a Complaint for Declaratory Action and Petition to Compel Arbitration in the Montana Thirteenth Judicial District Court, Yellowstone County, entitled *Talen Montana, LLC v. Avista Corporation, NorthWestern Corporation, PacifiCorp, Portland General Electric Company, and Puget Sound Energy, Inc.*, Cause No. DV-21-0511.

2. On May 5, 2021 Talen filed a First Amended Complaint for Declaratory Judgment and Petition to Compel Arbitration (FAC). Counsel for Talen delivered courtesy copies of the Complaint and FAC via e-mail to all parties named as defendants. As of the time of this Notice, some but not all of the defendants have been served. A copy of the FAC is attached to this Notice as Exhibit A.

3. Talen filed this action hours after Avista, PacifiCorp, PGE, and PSE filed a complaint in the U.S. District Court for the District of Montana, Billings Division, against Talen and NorthWestern Corporation (NorthWestern), seeking a declaration addressing the same legal issue that is at the center of Talen's FAC:

NOTICE OF REMOVAL OF A CIVIL ACTION - 2

PDX\114407\260704\CSMM\30804041.4

whether a new Montana law can invalidate the arbitration clause in a contract that is binding on all six of these parties relating to their joint ownership of the Colstrip Steam Electric Station (Colstrip).  Case 1:21-cv-00047-SPW-KLD.

4.     For the reasons stated below the state action may be removed to this Court under 28 U.S.C. §§ 1441(c) and 1332(a).

5.     The matter in controversy exceeds $75,000.

5.1.     Although the state action asserts claims for non-monetary relief, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.2.     In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.  *Cohn v. PetSmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) *quoting Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 2443, 53 L.Ed.2d 383, 396-97 (1977).

5.3.     Here, the object of the litigation, as alleged by Talen in the action to be removed, is to compel arbitration of a dispute concerning the ability of Defendants "to force Colstrip to close by the end of 2025, in obedience to Washington's ban on the sale of electricity from Colstrip and other plants that generate power from coal."  FAC, ¶ 1 at page 2.

NOTICE OF REMOVAL OF A CIVIL ACTION - 3

5.4.    Where the amount in controversy is not "facially apparent" from the complaint, the Court may appropriately consider facts in the removal petition and similar summary judgment-type evidence, such as declarations. *Singer v. State farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997), *citing Allen v. R & H Oil &Gas Co.*, 63 F.3d 1326 (5th Cir. 1995).

5.5.    The dollar value of closing Colstrip satisfies the amount in controversy requirement for each Defendant.  Each of the two units has a market value that exceeds $75,000 for each Defendant/removing party, because it will cost each Defendant more than $75,000 to keep a unit open.  If a unit can be closed, each Defendant can reduce its annual operation and maintenance (O&M) budget spend by more than $75,000.  Conversely, if a unit cannot be shut down, each Defendant must take more than $75,000 worth of power every year and spend more than $75,000 on coal every year.   *See* Declaration of Steve Wenke, ¶ 3; Declaration of Shawn Davis, ¶ 3; Declaration of Nancy L. Atwood, ¶ 3; Declaration of Mike Johanson, ¶ 3.

6.    There is complete diversity between Talen and the parties who have been properly joined as defendants.

6.1.    Defendant Talen is a Delaware limited liability company. Talen is a wholly owned subsidiary of Talen Montana Holdings, LLC, which is a wholly

NOTICE OF REMOVAL OF A CIVIL ACTION - 4

PDX\114407\260704\CSMM\30804041.4

owned subsidiary of Talen Energy Supply, LLC, which is a wholly owned subsidiary of Talen Energy Corporation, which is a Delaware corporation with its principal place of business in Texas.

6.2.    Defendant Avista is a Washington corporation with its principal place of business in Spokane, Washington. Avista is a regulated utility and a co-owner of Colstrip.

6.3.    Defendant PacifiCorp is an Oregon corporation with its principal place of business in Portland, Oregon. PacifiCorp is a regulated utility and a co-owner of Colstrip.

6.4.    Defendant PGE is an Oregon corporation with its principal place of business in Portland, Oregon.  PGE is a regulated utility and a co-owner of Colstrip.

6.5.    Defendant PSE is a Washington corporation with its principal place of business in Bellevue, Washington. PSE is a regulated utility and a co-owner of Colstrip.

6.6.    NorthWestern is a Delaware corporation with its principal place of business in Sioux Falls, South Dakota.  NorthWestern is a regulated utility and a co-owner of Colstrip.  Talen originally named NorthWestern as a "nominal

defendant" in the Complaint.  See original Complaint at ¶ 4, attached as Exhibit 1 to the Declaration of Shawn Davis.[1]

6.7.    Although a day after filing its Complaint, Talen changed its characterization of NorthWestern in its FAC, NorthWestern is on the same side as Talen in the dispute over the interpretation of the parties' agreement and the operation of Colstrip, and is aligned with Talen in its interests in the outcome of the state action.  Like Talen, NorthWestern seeks to prevent Colstrip from closing. FAC ¶¶ 21-23, *see also* February 9, 2021 letter from NorthWestern to Talen and Defendants, attached as Exhibit 2 to Declaration of Shawn Davis ("Efforts to starve the budgets for Units 3 and 4 such that they are not operational in 2025, is tantamount to a decision to close the plant. The co-owners cannot make that decision without NorthWestern. . . [which] expects to require energy from Colstrip to meet its customers' requirements for a significant number of years. Because of these divergent interests, it is time NorthWestern and the other co-owners obtain a definitive answer to the questions of what vote is required to close Units 3 and 4 and what is the obligation of each co-owner to fund operations of the plant. . .").

---

[1] *See Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (noting courts will ignore "nominal" parties for diversity purposes).

NOTICE OF REMOVAL OF A CIVIL ACTION - 6

6.8.    Both Talen and NorthWestern lobbied in favor of the Montana law that is the basis for Talen's FAC, S.B. 265, 67th Leg., Reg. Sess. § 1 (Mont. 2021) ("SB 265").  Talen alleges in the FAC that SB 265 requires a court to grant the relief it seeks.  FAC ¶¶ 33-35, 47, 56.  Talen and NorthWestern both testified at the Montana legislature in favor of SB 265.  Avista, PacifiCorp (d/b/a Rocky Mountain Power), PGE and PSE testified against SB 265.  Talen's and NorthWestern's interests are aligned concerning SB 265 and those interests are adverse to the interests of the other four parties to this action.  Declaration of Thomas E. Ebzery, ¶¶ 3-5 and Exhibits 1 and 2.

6.9.    Federal courts have broad authority to "look beyond the pleadings, and arrange" or realign "the parties according to their sides in the dispute." *City of Indianapolis v. Chase Nat'l Bank of N.Y.*, 314 U.S. 63, 69, 62 S. Ct. 15, 86 L. Ed. 47 (1941) (internal quotation marks omitted).  The courts, not the parties, are responsible for aligning the parties according to their interests, and the alignment alleged by a plaintiff is not binding on the courts.  *Dolch v. United Cal. Bank*, 702 F.2d 178, 180 (9th Cir. 1980), *citing City of Indianapolis*, 314 U.S. at 69.

6.10.  In considering the issue of realignment, the Ninth Circuit follows the "primary purpose" or "primary matter" test. *Prudential Real Estate*

NOTICE OF REMOVAL OF A CIVIL ACTION - 7

*Affiliates v. PPR Realty Inc.*, 204 F.3d 867, 873 (9th Cir. 2000); *Continental*

*Airlines Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1523 (9th Cir. 1987);

*Dolch*, 702 F.2d at 181. Under this standard, courts align parties in accordance

with the primary dispute in the controversy, "despite the fact that there may be

actual and substantial ancillary or secondary issues to the primary issue." *US*

*Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992).

6.11.   When evaluating the primary purpose of the litigation, courts

first look to the pleadings submitted by the parties, but it also "has a duty to look

beyond the pleadings to determine the actual interests of the parties." *Prudential*

*Real Estate Affiliates*, 204 F.3d at 872; *Angst v. Royal Maccabees Life Ins. Co.*, 77

F.3d 701, 704 (3rd Cir. 1996).

6.12.   "Courts may realign parties, according to their ultimate

interests, whether the realignment has the effect of conferring or denying subject

matter jurisdiction on the court."  *Smith v. Salish Kootenai College*, 434 F.3d 1127,

1133 (9th Cir. 2006), *citing Standard Oil Co. of Cal. v. Perkins*, 347 F.2d 379, 382

(9th Cir. 1965).  As the Supreme Court has noted:

> Whether the necessary "collision of interests," . . . exists, is
> therefore not to be determined by mechanical rules. It must be
> ascertained from the "principal purpose of the suit," . . . and the
> "primary and controlling matter in dispute," . . . These familiar
> doctrines governing the alignment of parties for purposes of

NOTICE OF REMOVAL OF A CIVIL ACTION - 8

determining diversity of citizenship have  consistently guided the
lower federal courts and this Court.

*City of Indianapolis*, 314 U.S. at 69-70 (internal citations omitted).

6.13.   When the Court looks beyond the pleadings, and realigns
NorthWestern according to its side in the dispute as a plaintiff, there is complete
diversity of citizenship between the plaintiffs and the Defendants.  It is appropriate
for the Court to realign the parties to determine whether diversity jurisdiction
exists. *Id*.

7.     All Defendants (as properly realigned) consent to removal.  As with
determining diversity, it is appropriate for the Court to realign the parties before
considering whether all defendants have consented to removal.  *Bank of N.Y.
Mellon v. Rustad*, 2018 U.S. Dist. LEXIS 140999 (D. Mont. Aug. 20, 2018) at *8,
*citing Oregon v. City of Rajneeshpuram*, No. 84-359 FR, 1984 U.S. Dist. LEXIS
14903 (D. Or. July 17, 1984).

8.     Venue is proper in the United States District Court for the District of
Montana because the state action is pending within the district, and Colstrip – the
continued operation of which is the subject of the dispute – is located within the
district.  28 U.S.C. § 1391(b)(2), FAC ¶ ¶ 1, 10-15.

9.     Fewer than 30 days have elapsed since the state action was filed, and

NOTICE OF REMOVAL OF A CIVIL ACTION - 9

those Defendants upon whom service has been accomplished were served.  28

U.S.C. § 1446(b).

10.    Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly provide

the Montana Thirteenth Judicial District Court, Yellowstone County with notice

that this action has been removed to this Court.

11.    By filing this Notice of Removal of Civil Action, Defendants do not

waive, but rather expressly reserve, all rights, defenses, and objections of any

nature that each may have to Talen's claims.

12.    Defendants will move to consolidate this removed action with the

pending action with the same parties in Case 1:21-cv-00047-SPW-KLD.

WHEREFORE, Defendants give notice that this action, now pending in the

Montana Thirteenth Judicial District Court, Yellowstone County, entitled *Talen*

*Montana, LLC v. Avista Corporation, NorthWestern Corporation, PacifiCorp,*

*Portland General Electric Company, and Puget Sound Energy, Inc.*, Cause No.

DV-21-0511, is hereby removed from that court to this Court.

DATED this 17ᵗʰ day of May, 2021.

HANSBERRY & JOURDONNAIS, PLLC

By: ____/s/ Charles E. Hansberry____
Charles E. Hansberry

**Attorneys for Defendants Avista Corporation, PacifiCorp, Portland General Electric Company, and Puget Sound Energy, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2021, a copy of the foregoing document was

served on the following persons by the following means:

_____ Hand Delivery
_____ Mail
_____ Overnight Delivery Service
_____ Fax (include fax number in address)
__1-3__ E-Mail (include email in address)

1.      Robert L. Sterup
        Brown Law Firm, PC
        315 North 24th Street
        Billings, Montana 59101
        Telephone: ( 406) 248-2611
        Facsimile: (406) 248-3128
        rsterup@brownfirm.com

2.      Barry Barnett (*pro hac vice* forthcoming)
        Adam Carlis (*pro hac vice* forthcoming)
        Susman Godfrey L.L.P.
        1000 Louisiana, Suite 5100
        Houston, Texas 77002

NOTICE OF REMOVAL OF A CIVIL ACTION - 11

Telephone: (713) 651-9366
Facsimile: (713) 654-6666
barnett@susmangodfrey.com
acarlis@susmangodfrey.com

3.    Alexander P. Frawley *(pro hac vice* forthcoming)
      Susman Godfrey L.L.P.
      1301 Avenue of the Americas, 32 Fl
      New York, New York 10019-6023
      Tel.: (212) 336-8330
      Fax: (212) 336-8340
      afrawley@susmangodfrey.com

                      /s/ Charles E. Hansberry
                    Charles E. Hansberry
                    Jenny M. Jourdonnais
                    HANSBERRY & JOURDONNAIS, PLLC

                    Attorneys for Defendants Avista Corporation,
                    PacifiCorp, Portland General Electric Company, and
                    Puget Sound Energy, Inc.